# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PUTNAM BANK, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:10-cv-1067 (WWE) |
| | : |
| IKON OFFICE SOLUTIONS, INC., | : |
|     Defendant. | : |

## MEMORANDUM OF DECISION

Defendant Ikon Office Solutions, Inc. ("Ikon") moves to dismiss the class action complaint filed by plaintiff Putnam Bank ("Putnam"). For the following reasons, defendant's motion will be granted.

## BACKGROUND

Putnam filed an amended complaint on behalf of persons and entities who purchased or leased office equipment such as photocopiers and printers from Ikon. The amended complaint alleges that the office equipment contains digital data storage devices that automatically save images of documents that have been faxed, printed, or scanned. According to the amended complaint, Ikon misrepresented or failed to disclose that the equipment contains automatic storage devices and that Ikon does not destroy the saved images when the equipment is returned to Ikon and then sold or leased to another customer. The amended complaint alleges that Ikon knew or should have known that the equipment would be used to fax, print, or scan documents containing private financial and identifying information, including Social Security numbers, birthdates, medical records, and business data. As a result of Ikon's misrepresentation or failure to disclose, the amended complaint alleges that Ikon's

customers are at risk of identity theft and must incur expenses to monitor their credit and to destroy saved images on storage devices inside the equipment currently in their possession. The amended complaint alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq., as well as negligence, negligence per se, negligent misrepresentation, breach of contract, breach of implied contract, and a violation of Conn. Gen. Stat. § 36a-701b, which requires businesses maintaining personal information in computerized form to report a breach of security to affected individuals. Jurisdiction is grounded in diversity of citizenship and the Class Action Fairness Act (CAFA). See 28 U.S.C. § 1332.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

Putnam's ability to maintain negligence and CUTPA claims against Ikon depends

on whether Ikon owed Putnam a duty to disclose anything regarding the storage devices in the office equipment. The first element of a negligence claim is whether a duty of care exists. Sturm v. Harb Dev., LLC, 298 Conn. 124, 139 (2010). CUTPA proscribes practices that offend public policy, are immoral or unethical, or cause substantial injury to consumers or businesses. Glazer v. Dress Barn, Inc., 274 Conn. 33, 82 (2005). When the disputed practice is a failure to disclose information, the issue is whether a duty to disclose exists. Macomber v. Travelers Prop. & Cas. Corp., 261 Conn. 620, 635-36 (2002). A duty to disclose can arise from statutes, regulations, or common law. Glazer, 274 Conn. at 85.

Putnam offers several possible sources for Ikon's alleged duty to disclose. First, Putnam cites Conn. Gen. Stat. § 36a-701b(b), which provides in relevant part: "Any person who conducts business in this state, and who, in the ordinary course of such person's business, owns, licenses or maintains computerized data that includes personal information, shall disclose any breach of security following the discovery of the breach to any resident of this state whose personal information was, or is reasonably believed to have been, accessed by an unauthorized person through such breach of security."

The Court determines that § 36a-701b does not apply to the factual allegations in Putnam's amended complaint. The statute is directed to businesses that collect or keep personal information. Putnam does not allege that Ikon owns, licenses, or maintains personal information. Instead, Putnam alleges that Ikon came into possession of such information after Putnam deposited it on storage devices inside office equipment. Putnam also does not allege that a breach of security has occurred.

3

The amended complaint does not allege facts establishing a reasonable belief that an unauthorized person has accessed personal information from the office equipment used by Putnam. The allegations are confined to an undetermined degree of risk of identity theft.

Putnam next argues that its lease agreements with Ikon included the implied duty of good faith and fair dealing, which is the source of Ikon's duty to disclose. The implied duty of good faith and fair dealing requires each party to a contract to do nothing that would injure the other party's right to receive the benefits of the contract. A party who violates that duty acts in bad faith. Renaissance Mgmt. Co., Inc. v. Conn. Hous. Fin. Auth., 281 Conn. 227, 240 (2007).

Putnam's amended complaint fails to include allegations of bad faith by Ikon. Putnam indicates that the lease agreements did not address the storage devices in the office equipment. There are no allegations that Ikon purposely excluded that subject because Ikon hoped Putnam would become a victim of identity theft. Because Putnam's allegations fall far short of bad faith by Ikon, the implied duty of good faith and fair dealing cannot be the source of Ikon's alleged duty to disclose.

Putnam next directs the Court to the common law test for the existence of a duty. The two prongs of that test are whether the harm was foreseeable and whether public policy weighs in favor of finding the existence of a duty. Monk v. Temple George Assocs., LLC, 273 Conn. 108, 114 (2005). Although it was foreseeable that a bank such as Putnam would use office equipment to fax, print, or scan documents containing private information, the foreseeability of the harm resulting from that use is the focus of the common law test. Putnam alleges that the harm consists of an uncertain risk of

4

identity theft and expenses for credit monitoring and destruction of saved images on digital storage devices in an attempt to decrease the risk of identity theft. The Court therefore inquires whether it was foreseeable to Ikon that leasing office equipment would result in Putnam having to incur unexpected expenses to try to prevent possible misuse of private financial and identifying information. The Court answers that question in the negative, for the following reasons.

As Ikon points out, the Restatement (Second) of Torts, § 551(2), explains that "[o]ne party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated . . . (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of . . . the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." Comment j defines a basic fact as "assumed by the parties as a basis for the transaction itself. It is a fact that goes to the basis, or essence, of the transaction, and is an important part of the substance of what is bargained for or dealt with."

Applying the Restatement to the present case, the essence of the transactions between Putnam and Ikon was the lease of office equipment, not the protection of data that would be saved on the equipment. Putnam does not allege that Ikon knew about Putnam's apparent lack of familiarity with digital storage devices or that Ikon knew there was a custom or other objective circumstance that would cause Putnam to believe that data security would be covered by the leases. Ikon therefore could not have known that Putnam may have entered into the leases on the incorrect assumption that data security did not need to be mentioned explicitly in the leases.

5

Putnam has failed to allege facts showing that Ikon had a duty to disclose the existence and capability of the digital storage devices. Putnam's claims of negligence, negligence per se, negligent misrepresentation, and violations of CUTPA and Conn. Gen. Stat. § 36a-701b must be dismissed.

Putnam's claims of breach of contract and breach of implied contract also must be dismissed. The amended complaint alleges that the lease agreements were silent on the issue of data security. The amended complaint does not allege that the parties discussed the issue or did anything to suggest that the issue was included in the lease agreements. Putnam cites "common trade practice" in arguing that data security must have been implied in the lease agreements, but the amended complaint is devoid of facts regarding the claimed "common trade practice." Because the amended complaint does not allege any facts establishing the existence of a contract regarding data security, Putnam's claims of breach of contract and breach of implied contract fail.

## CONCLUSION

Ikon's motion to dismiss (Doc. #24) is granted. The Clerk is directed to close this case.

Dated at Bridgeport, Connecticut, this 5th day of July, 2011.

                                      /s/
                                  Warren W. Eginton
                                  Senior United States District Judge